CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2015 OCT 23  AM 11: 48

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

DAVID FRANKLIN WEST, PRO SE,          §
also known as DAVID F. WEST,          §
also known as DAVID PURPLE WEST,      §
Randall County Jail ID No. 83905,     §
                                      §
        Plaintiff,                    §
                                      §
v.                                    §      2:15-CV-0224
                                      §
BRUCE SCOTT ET AL.,                   §
                                      §
        Defendants.                   §

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff DAVID FRANKLIN WEST, acting pro se and while a detainee or prisoner

confined in the Dallam-Hartley County Jail[1], filed suit pursuant to Title 42, United States Code,

section 1983 complaining against BRUCE SCOTT, Dallam County Sheriff; HEATHER

MORRIS, Administrative Assistant; DIANE GUFFY, Administrator; LISA SALYARDS, Chief

Jailer; and NFN LEMLEY, Dallam Police Officer, and has been granted permission to proceed in

forma pauperis.

Plaintiff states he was arrested for possession of marijuana on May 12, 2015. He claims

that, during his processing into the Dallam-Hartley County Jail defendant Officer LEMLEY told

the booking officer about some items he found in plaintiff's possession, *i.e.*, a sex toy in

plaintiff's pocket and a black bag containing still more sex toys in his U-Haul trailer. Plaintiff

says the booking officer then told other officers, who told some jail detainees. Plaintiff says this

---

[1] Plaintiff has since been transferred to the custody of the Randall County Jail.

information was private, the disclosure was done to embarrass and humiliate him, and that

defendant LEMLEY taunted and ridiculed plaintiff "to get a good laugh" . . . "because he did not

like what [plaintiff] stood for in his mind," . . . "that [plaintiff] was a medical marijuana patient

or a homosexual." Plaintiff also claims there was a conspiracy among the defendants to retaliate

against him by disclosing this information, because of his complaints while in jail. Plaintiff

claims that, since his booking into the Dallam-Hartley County Jail, he has complained to get

better food and more of it, access to a law library, and better recreation. Plaintiff also alleges

there are no education programs offered and that he has suffered retaliation as a result of his

complaints.

Plaintiff requests "as relief for releasing private information as [sic] retaliation

$1,000,000.00 and the other things fixed."

### JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity, the Court must evaluate the complaint and dismiss it without service of

process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[2], malicious, fails to state

a claim upon which relief can be granted, or seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will

support dismissal of a suit brought under any federal law by a prisoner confined in any jail,

prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.

---

[2]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[3].

The District Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

On August 28, 2015, the Court received plaintiff's notice, dated August 26, 2015, stating he was no longer incarcerated in Gray County but had been transferred to the Randall County Jail.  "The transfer of a prisoner out of an institution often will render his claims for injunctive relief moot" unless he "can show either a 'demonstrated probability' or a 'reasonable expectation' that he will be transferred back to the facility."  *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002)(quoting *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982)).  *See, Wallace v. Texas Tech University*, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) ("Jurisdiction over plaintiff's claims for future relief appropriate only if reasonable likelihood exists that the plaintiff will again be subjected to the allegedly unconstitutional actions.").  Plaintiff has not pled a reasonable likelihood exists that he will be re-incarcerated in the Dallam-Hartley County Jail.  Thus, plaintiff's claims for injunctive relief concerning the food, recreation, and absence of educational programs and a law library appear to be moot.

Alternatively, as explained below, plaintiff's claims on these matters are frivolous.

---

[3]*Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

On August 11, 2015, the Court issued a Briefing Order to elicit information concerning plaintiff's claims. Plaintiff filed his response on August 21, 2015.

Concerning plaintiff's law library claim, the precise constitutional right involved in this claim is the right of adequate, effective and meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977). An inmate alleging denial of access to the courts must demonstrate an actual injury stemming from the defendants' unconstitutional conduct. *Lewis v. Casey*, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998)(without proving actual injury, the prisoner/plaintiff cannot prevail on an access-to-courts claim); *Chriceol v. Phillips*, 169 F.3d 313 (5th Cir. 1999). Further, if a litigant's position is not prejudiced by the claimed violation, his claim of denial of access to the courts is not valid. *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir.), *cert. denied*, 504 U.S. 988, 112 S.Ct. 2974, 119 L.Ed.2d 593 (1992).

Although expressly required by the Court's August 11, 2015 Briefing Order to state with specificity each harm he suffered as a result of the alleged lack of access to legal materials, plaintiff's August 21, 2015 response does not contain an allegation of any actual injury stemming from the denial of access to a law library or legal materials. Plaintiff has not identified any litigation in which his position as a litigant was prejudiced by any alleged lack of access to a law library or shown how such prejudice occurred. While plaintiff has frequently mentioned his displeasure with his court-appointed counsel for his criminal action, to the extent plaintiff is claiming he needs access to a law library to represent himself in his pending criminal action, plaintiff's constitutional right of access to courts was satisfied by the provision of appointed

4

counsel, even if plaintiff has rejected his appointed counsel. *Degrate v. Godwin*, 84 F.3d 768,

769 (5th Cir. 1996). Consequently, plaintiff's claim in this respect lacks an arguable basis in law

and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff claims there are no educational programs at the Dallam-Hartley County Jail.

Prisoners have no constitutional right to educational, vocational or rehabilitation programs where

no such programs exist where they are housed. *Newman v. Alabama*, 559 F.2d 283, 292 (5th Cir.

1977). This claim lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S.

319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

As for plaintiff's complaint that he was only allowed to recreate in a room indoors

without access to sunlight, although expressly required to provide the dates of his initial intake,

his subsequent release, and his receipt back into the Dallam-Hartley County Jail and subsequent

transfer to Randall County Jail, as well as the total number of days he was detained in the

Dallam-Hartley County Jail each time, plaintiff utterly failed to respond to these questions (nos.

4, 5, 6, and 7 on the August 11, 2015 questionnaire). Nevertheless, plaintiff's unsolicited factual

recital in his August 21, 2015 Briefing Order response shows he

was in the Dallam-Hartley County Jail for about three months, with a one week hiatus in July.

Plaintiff has not alleged facts showing he was harmed by only being allowed to recreate indoors

during that time. Nothing in the Constitution requires any specific kind of recreation facilities.

"[T]he Constitution is not concerned with a *de minimis* level of imposition on pretrial detainees."

*Collins v. Ainsworth*, 382 F.3d 529, 540 (5th Cir.2004), *aff'd*, 177 Fed. Appx. 377 (5th Cir. Dec.

21, 2005), *cert. denied*, 547 U.S. 1055 (1996) ( *citing Bell v. Wolfish*, 441 U.S. 520, 535 (1979)).

A pretrial detainee's rights are not violated unless he is "subjected to conditions of confinement that constitute punishment which are not reasonably related to a legitimate governmental objective." *Id.* "The fact that a detention interfered with a prisoner's desire to live as comfortably as possible does not convert the conditions of confinement into punishment." *Lee,* 98 Fed. Appx. at 288 *(citing Bell,* 441 U.S. at 537, 539); *see also Wilson v. Lynaugh,* 878 F.2d 846, 849 (5th Cir.1989) (holding that the Constitution does not protect against conditions of confinement "which cause mere discomfort or inconvenience."); *Holloway v. Gunnell,* 685 F.2d 150, 156 (5th Cir.1982) (serving time in prison "is not a guarantee that one will be safe from life's occasional inconveniences."). Liability for conditions of confinement attaches only when a prison official's failure to act amounts to subjective deliberate indifference to a pretrial detainee's rights. *Kirabira v. Bureau of Immigration & Customs Enforcement,* 2009 WL 81095, at * 4 (N.D.Tex. Jan. 12, 2009) *(citing Edward v. Johnson,* 209 F.3d 772, 778 (5th Cir.2000); *Hare v. City of Corinth,* 74 F.3d 633, 643, 648 (5th Cir.1996)). Plaintiff's claim concerning inadequate recreation facilities over the three-month period fails to state a claim on which relief can be granted.

Plaintiff also complains he wanted food of better quality and in greater quantities. In its prohibition of "cruel and unusual punishments," the Eighth Amendment imposes duties on these officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994)(quoting *Hudson v. Palmer,* 468 U.S. 517, 526-527, 104

6

S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984)). *See, also, Newman v. Alabama*, 559 F.2d 283, 286

(5th Cir. 1977)(state must furnish its prisoners with reasonably adequate food).  The meals must

be well-balanced and contain sufficient nutritional value to preserve health.  *Smith v. Sullivan*,

553 F.2d 373, 380 (5th Cir. 1977).  A prison system is not, however, required to provide inmates

with three meals a day, *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986); and the fact that food

occasionally contains a foreign object or is cold does not amount to a constitutional violation,

*Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (5th Cir. 1985).  While plaintiff may not have

been satisfied with the food provided him by the Dallam-Hartley County Jail, he has not alleged

any facts which indicate the food was not of sufficient nutritional value or quantity to satisfy

constitutional minimums.  Plaintiff's allegations concerning the food at the Dallam-Hartley

County Jail fail to state a claim on which relief can be granted.

As to plaintiff's claim of retaliation, in his request for relief[4] plaintiff appears to be

alleging defendant LEMLEY discussed plaintiff's possessions to retaliate against plaintiff for

plaintiff's complaints about jail conditions.

Detainees do retain, in a general sense, a right to criticize jail officials. *Woods v. Smith*,

60 F.3d 1161, 1164 (5th Cir.1995); *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir.1986) (quoting

*Ruiz v. Estelle*, 679 F.2d 1115, 1153 (5th Cir.), *opinion amended in part and vacated in part*, 688

F.2d 266 (5th Cir.1982)) ("[P]rison officials [are] prohibited from 'retaliation against inmates

who complain of prison conditions or official misconduct.' ").

---

[4]Plaintiff requested $1,000,000.00 "for releasing private information as [sic] retaliation."

To claim retaliation, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). The plaintiff must allege more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). Conclusory allegations of retaliation are not sufficient; the plaintiff must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). A plausible entitlement to relief exists when the allegations in the complaint cross the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 n.5, 127 S.Ct. 1955, 1966 n.5, 167 L.Ed.2d 929 (2007). Moreover, causation requires the plaintiff show that but for the retaliatory motive, the adverse act would not have occurred. *McDonald*, 132 F.3d at 231.

Plaintiff says LEMLEY joked about plaintiff's possessions when he brought plaintiff in for booking. At that time, plaintiff had not experienced the conditions in the jail or had the opportunity to make any complaints about them or the lack of law library access or educational programs. Plaintiff's claim that LEMLEY retaliated because of plaintiff's complaints is flatly contradicted by plaintiff's own factual account.

Plaintiff has also alleged LEMLEY revealed the discovery of the sex toys "to get a good laugh" . . . "because he did not like what [plaintiff] stood for in his mind," . . . "that [plaintiff] was a medical marijuana patient or a homosexual."

8

In its August 11, 2015 Questionnaire, the Court expressly required plaintiff to list each and every fact supporting his claim of defendant LEMLEY's retaliatory intent[5], plaintiff failed to respond to the question. Plaintiff's allegation that defendant LEMLEY acted "because he did not like what [plaintiff] stood for in his mind," . . . "that [plaintiff] was a medical marijuana patient or a homosexual," is mere speculation, unsupported by any allegation of fact. Plaintiff's allegations are not sufficient to establish the requisite "but for" causation with respect to his retaliation claim against any or all of the defendants. *McDonald*, 132 F.3d at 231 (causation requires the plaintiff show that but for the retaliatory motive, the adverse act would not have occurred).

Additionally, plaintiff was required to list each and every fact to support his claim of conspiracy and list each act by each defendant to further that conspiracy[6]; however, plaintiff did not respond to those questions.

Conclusory allegations lacking reference to material facts are not sufficient to state a claim of conspiracy under section 1983, *McAfee v. 5th Circuit Judges*, 884 F.2d 221 (5th Cir.1989), *cert. denied*, 493 U.S. 1083, 110 S.Ct. 1141, 107 L.Ed.2d 1046 (1990); or to support claims of malice *Al-Ra'id v. Ingle*, 69 F.3d 28 (5th Cir. 1995); or retaliation, *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Plaintiff's speculation is not a sufficient basis for his claims of retaliation and conspiracy to retaliate.

---

[5]See Question no. 11 of the Court's August 11, 2015 Questionnaire.

[6]See Question nos. 2 and 3 of the Court's August 11, 2015 Questionnaire.

Plaintiff has had the opportunity to identify the defendants and state his claims on the form provided for filing his original complaint. At plaintiff's request contained in his August 7, 2015 "Motion to Submit Addendum to Defendant(s) [sic] Complete List," plaintiff was allowed to add LISA SALYARDS, Chief Jailer, to the list of defendants. In plaintiff's August 21, 2015 "Answers to Questionnaire," plaintiff listed the "Defendant(s) [sic] in the Conspiracy," adding a RHONDA HININGER, County Jailer, and two inmates, JOHNNIE BUSH, II, and FRANK GALLEGOS. Plaintiff later stated in the body of his August 21, 2015 Briefing Order response entitled "Plaintiff's Answers to Questionnaire" that he wanted to add WADE DICKENSON. As to all of the defendants in plaintiff's complaint, his "Motion to Submit Addendum to Defendant(s) [sic] Complete List", and his "Answers to Questionnaire," plaintiff has failed to allege facts sufficient to state a claim of retaliation or a conspiracy to retaliate on which relief can be granted.

In his August 21, 2015 "Answers to Questionnaire," plaintiff also alleged WADE DICKENSON "took the information (revealed by defendant LEMLEY)" and revealed it to inmates JOHNNIE BUSH, II, and FRANK GALLEGOS "in an attempt to cause odious ridicule to be directed to [sic] [plaintiff], causing ultimate and insuperable damage to [plaintiff's] name and ultimately [plaintiff's] reputation[7]." Allegation of an injury solely to a plaintiff's reputation is insufficient to establish liability for civil rights violation under section 1983. *See, e.g., Paul v. David*, 424 U.S. 693, 711-12, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976)(interest in reputation alone does not implicate a "liberty" or "property" interest sufficient to invoke due process protection

---

[7]Plaintiff's August 21, 2015 Answers to Questionnaire at page VII.

10

under section 1983); *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994)(same); *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990)(injury to reputation as a result of libel or slander in false prison report does not give rise to section 1983 liability).  Plaintiff's claim that these defendants (or any other defendants named herein) were attempting to slander him lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Lastly, plaintiff utilizes his September 23, 2015 "Writ of Conspiracy Petition" as an opportunity to attempt to assert still more new claims against more new defendants.  Plaintiff complains that pleadings he wanted filed in his criminal case were not directed to the court, but were, in fact, allowed to accumulate at the jail and then were given to his court-appointed attorney, who had them filed in court.  Plaintiff alleges the secretary for his court-appointed counsel was rude to him on the telephone and told him to stop calling, that his Work Release Order does not show the proper signature(s) or date(s), and that all of this is the result of a conspiracy between Public Defender TIM SALLEY and Judge RON ENNS.

Plaintiff has alleged no fact to show his position as a litigant was prejudiced by any delay in the filing of his pro se pleadings in his criminal case nor has he alleged any fact to support his claim of conspiracy between defendants SALLEY and ENNS.

## CONCLUSION

Plaintiff had the opportunity to state his claims on the form provided for filing his original complaint, in his August 7, 2015 "Motion to Submit Addendum to Defendant(s) [sic]

Complete List," his August 21, 2015 "Answers to Questionnaire," and his September 23, 2015

"Writ of Conspiracy Petition."

Under some circumstances, dismissal of a pro se complaint for failure to state a claim

without giving the plaintiff an opportunity to amend may be error; however, no error is

committed if the court determines the plaintiff has alleged his best case. *Bazrowx v. Scott*, 136

F.3d 1053, 1054 (5th Cir. 1998). Further, if the court determines that the complaint at hand

alleges the plaintiff's best case, there is no need to remand for a further factual statement from

plaintiff. *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986). The required opportunity to

amend does not does not mean that a plaintiff must be allowed to continue to amend or

supplement his pleading until he stumbles upon a formula that carries him over the threshold.

*Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986). Such a protracted process would be

likely to disrupt public officials in performance of their duties. *Id.* Consequently, "[a]t some

point a court must decide that a plaintiff has had a fair opportunity to make his case; if, after that

time, a cause has not been established, the court should finally dismiss the suit." *Jacquez v.*

*Procunier*, 801 F.2d 789, 792 (5th Cir. 1986).

Plaintiff has received a fair opportunity to make his case and has presented his best case.

For the reasons set forth above and pursuant to Title 28, United States Code, sections

1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS THEREFORE ORDERED that the Civil Rights Complaint by DAVID FRANKLIN

WEST is DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE

A CLAIM ON WHICH RELIEF CAN BE GRANTED.

12

To the extent plaintiff is attempting to assert state claims, the Court declines to exercise pendant jurisdiction of any state law claims asserted; and they are, therefore, DISMISSED WITHOUT PREJUDICE. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Corwin v. Marney, Orton Investments*, 843 F.2d 194, 200 (5th Cir.1988).

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

The Clerk shall send a copy of this order to plaintiff and to any attorney of record.

It is SO ORDERED.

Signed this the _____ 23rd _____ day of October, 2015.




S/ Mary Lou Robinson
_____
MARY LOU ROBINSON
United States District Judge

13